IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-60238
Conference Calendar

_____

RICHARD SIMS,

Plaintiff-Appellant,

versus

CHRISTOPHER EPPS; EDWARD HARGETT,
SUPERINTENDENT, MISSISSIPPI STATE
PENITENTIARY; EARL JACKSON,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:95CV174-B-D
- - - - - - - - - -
August 22, 1996

Before KING, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Richard Sims, Mississippi prisoner #55462, appeals the

district court's dismissal of his 42 U.S.C. § 1983 action as

frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  Sims contends that

the district court abused its discretion in dismissing his claims

that the extension of his solitary confinement under a new prison

policy violated his due process rights and the Ex Post Facto

Clause.  Sims' placement in solitary confinement did not violate

_____

[*]  Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

his due process rights because it did not impose an atypical and significant hardship on him in relation to the ordinary incidents of prison life. Sandin v. Conner, 115 S. Ct. 2293, 2300 (1995). Assuming that the new prison policy which allows prison officials to extend solitary confinement is a law within the meaning of the Ex Post Facto Clause, the application of the policy to Sims did not violate the Ex Post Facto Clause because it did not make his punishment more burdensome by increasing the length of his term of imprisonment or affecting his good-time credits. Collins v. Youngblood, 497 U.S. 37, 42 (1990).

Sims also argues that the district court failed to address his claims that his Fifth and Eighth Amendment rights and his Equal Protection rights were violated. The district court considered and dismissed his claim that under the Fifth Amendment he was entitled to notice and a hearing before the application of the new prison policy to him. Sims' Eighth Amendment claim lacks merit as he has not shown that the conditions of his solitary confinement caused more than mere discomfort or inconvenience. See Wilson v. Lynaugh, 878 F.2d 846, 849 (5th Cir.), cert. denied, 493 U.S. 969 (1989). Sims' equal-protection claim lacks merit as he has not shown that he was treated differently from similarly-situated prisoners, or that the defendants had a discriminatory purpose for the alleged singular treatment. See Lavernia v. Lynaugh, 845 F.2d 493, 496 (5th Cir. 1988).

Sims' appeal is without arguable merit and is thus

frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Therefore his appeal is DISMISSED.  5th Cir. R. 42.2.

APPEAL DISMISSED.